IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER M. WEBB and TASHMA R. WEBB, : : : Plaintiffs, : : v. : : SUNTRUST MORTGAGE, INC. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., : : : : Defendants. : | CIVIL ACTION NO. 1:10-CV-0307-TWT-CCH |

## **O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing

for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED this 1th day of July, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER M. WEBB and TASHMA R. WEBB, | : : : |
| Plaintiffs, | : CIVIL ACTION NO. : 1:10-CV-0307-TWT-CCH |
| v. | : : |
| SUNTRUST MORTGAGE, INC. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | : : : **FINAL REPORT AND** |
| Defendants. | : **RECOMMENDATION ON A** : **MOTION TO DISMISS** |

Plaintiffs Christopher Webb and Tashmar Webb, proceeding *pro se*, filed the above-styled civil action on February 3, 2010. In their Complaint [1], they assert claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., including 12 C.F.R. § 226.1 et seq. ("Regulation Z"),[1] and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2600 et seq. Although it is not entirely clear, they may be asserting claims under the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 et seq., "the FTC Act," "the ECOA's Regulation B," and the "FCRA."[2] Plaintiffs' Complaint states that they are seeking permanent

---

[1]The Board of Governors of the Federal Reserve System issued Regulation Z to implement TILA and other acts. 12 C.F.R. § 226.1(a).

[2]Additionally, Plaintiffs have filed an "Amended Answer to Defendants' Motion to Dismiss" [8] in which they argue that Defendants have engaged in fraud, fraudulent inducement, concealment, and fraudulent misrepresentation. These claims

injunctive relief and other equitable relief, including rescission and reformation, as well as statutory and equitable damages.

This action is before the Court on Defendants' joint Motion to Dismiss [3]. For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss [3] be **GRANTED**.

**I.     BACKGROUND**

Plaintiffs allege in their Complaint [1][3] that they are "ordinary citizens trying to accomplish the American dream of home ownership." Compl. at 4. They allege that, on February 1, 2008, they obtained a loan from Defendant SunTrust Mortgage Inc., ("SunTrust") in the amount of $156,000, to refinance property located at 5055 Blue Goose Ct., Flowery Branch, Georgia 30542. Compl. at 1. Plaintiffs contend that all closing documents were not given to them before the closing, as required by TILA and RESPA. Compl. at 2. Plaintiffs also contend that the "Regulation Z early disclosure Statements" and the "Special Information Booklet, containing consumer

---

are not properly pled, as they are not a part of Plaintiffs' Complaint. Therefore, they are not considered by the Court.

[3]Plaintiffs' Complaint appears to be a form complaint of the type sold to borrowers to help them create foreclosure-stalling litigation.

2

information" were also not provided to them. Compl. at 2. In addition, Plaintiffs allege that the "Controlled Business Arrangement (CBA) Disclosure" was not given to them, as required by 12 U.S.C. § 2607(c)(4). Compl. at 2. Plaintiffs further allege that Defendant MERS "[does] not have standing." Compl. at 3.

According to Plaintiffs, a rescission letter was sent to "the parties involved due to the many violations," and requested that the loan be rescinded.[4] Compl. at 3. They contend that they have been injured by the Defendants' "deliberate failure to give them all the necessary disclosures during the closing and servicing of this loan." Compl. at 4. They seek to permanently enjoin and restrain Defendant from violating TILA, Regulation Z and RESPA, and further seek rescission, reformation of the contract, a refund of all monies paid, "disgorgement of ill-Gotten gains," and statutory and equitable damages for the Defendant's alleged violations of the various laws, including special damages of $50,000.00 and punitive damages of $50,000.00 for "harassment, emotional distress and displacement." Compl. at 4-5.

---

[4] Plaintiffs state in the Complaint that the rescission letter is attached as Exhibit B, but they failed to attach any exhibits to their Complaint. See Compl. at 2.

## II.   DISCUSSION

### A.   Standard on a Motion to Dismiss

Defendants have moved to dismiss all of the claims asserted in the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state an actionable claim. They argue that the Plaintiffs have failed to state a claim because their Complaint lacks specific factual allegations and does not enumerate the alleged acts or omissions by Defendants giving rise to Plaintiffs' claims. They further argue that Plaintiffs' claim for damages under TILA fails as a matter of law because it is barred by the relevant statute of limitations, that Plaintiffs' "produce the note" argument must fail,[5] and that

---

[5] The Court reads Plaintiffs' "produce the note" argument as a statement of fact rather than a claim for relief. See Compl. at 3 ("As a fact, I have asked that the Note Holder show proof by Original promissory note as To whom the real holder in due course is . . . The Servicer and MERS DO NOT have standing."). Even if this statement is read as a claim, it fails under Rule 12(b)(6). A demand to "produce the note" is a defense to a foreclosure action in state court and has no relevance to the federal claims brought by Plaintiffs here. See, e.g., Frazier v. National City Bank, NA, 2005 WL 2671371, at *4 (S.D. Ohio Oct. 19, 2005). Moreover, even as a defense in state court, the argument has been rejected. See, e.g., Bacon v. Decatur Federal Savings & Loan Ass'n, 169 Ga. App. 538, 313 S.E.2d 727 (1984) (stating that best-evidence rule was inapplicable in connection with admission of copies of original notes and security deeds; production of originals not required); Tanner v. Batson, 123 Fla. 240, 166 So. 545 (1936) (alleged failure to produce original note or establish satisfactory reason for its absence held not fatal).

Plaintiffs have failed to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.[6]

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true. Dismissal is proper if the complaint lacks an allegation regarding an element required to obtain relief. See, e.g., Craighead v. E.F. Hutton & Co., 899 F.2d 485 (6th Cir. 1990) (dismissal proper for failure to allege facts sufficient to establish elements necessary for recovery under securities laws); Blum v. Morgan Guarantee Trust Co. Of New York, 709 F.2d 1463 (11th Cir. 1983).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

---

[6]Plaintiffs' Complaint does not include a claim of fraud. See Note 2, *supra*.

5

recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted); see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Thus, in order for a complaint to survive a motion to dismiss under Rule 12(b)(6), it need not contain detailed factual allegations, but "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Horton v. Williams, 2007 WL 1575974, *1 (M.D. Ala. 2007).

Because Plaintiffs are proceeding *pro se*, however, their Complaint must be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.; see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

B.  Plaintiffs' TILA Claims

According to the allegations in the Complaint, Plaintiffs obtained a loan from SunTrust on February 1, 2008 in the amount of $156,000, for the purpose of refinancing property located at 5055 Blue Goose Ct., Flowery Branch, Georgia 30542. Compl. at 1. Plaintiffs filed this action on February 3, 2010, which was more than two years after the loan transaction at issue in the Complaint.

1.  Plaintiffs' Claim for Damages under TILA

Plaintiffs allege that Defendants violated TILA by failing to provide various required disclosures and also by charging excessive fees. Pursuant to 15 U.S.C. § 1640(e), a debtor must bring a claim for statutory damages under TILA within one year of the date of the occurrence of the violation. 15 U.S.C. § 1640(e). The violation occurs when the transaction is consummated. Smith v. American Fin. Sys., 737 F.2d 1549, 1552 (11th Cir. 1984) (citing Wachtel v. West, 476 F.2d 1062 (6th Cir. 1973). Nondisclosure is not a continuing violation for purposes of the statute of limitations. Id.

Although Plaintiffs allege that the loan in question was obtained from SunTrust on February 1, 2008, they did not file this action until more than two years after the

7

closing of the loan. Because the one-year statute of limitations under TILA runs from the consummation of the loan transaction, and not from the date that Plaintiffs allegedly became aware of any violation, the Plaintiffs' claim for damages under TILA is barred by the statute of limitations. Accordingly, the undersigned **RECOMMENDS** that Plaintiffs' claim for damages under TILA be **DISMISSED**.

### 2.   Plaintiffs' Claim for Rescission under TILA

In addition to seeking damages under TILA, Plaintiffs also seek rescission of the loan and other equitable relief. According to Plaintiffs, a rescission letter was sent to "the parties involved due to the many violations," and requested that the loan be rescinded. Compl. at 3. They seek to permanently enjoin and restrain Defendant from violating TILA, Regulation Z and RESPA, and further seek rescission, reformation of the contract, a refund of all monies paid, "disgorgement of ill-Gotten gains," as well as damages. Compl. [1] at 4-5.

TILA allows a consumer to rescind a consumer credit transaction under limited circumstances. 15 U.S.C. § 1635(a) provides, in relevant part:

(a) Disclosure of obligor's right to rescind

Except as otherwise provided in this section, in the case of any consumer credit transaction . . . in which a security interest . . is or will

8

> be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a).

TILA further provides that, if the creditor fails to disclose all the information and forms required, the debtor's right of rescission does not expire until three years after the transaction:

> An obligor's right of rescission expires three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . .

15 U.S.C. § 1635(f).

9

Plaintiffs have not pled facts sufficient to state a claim that they are entitled to rescission. They have alleged only that "all closing documents were not given to the Plaintiff before closing for his Viewing . . . " and that "the notices of Cancellation were not a part of the closing packet." Compl. at 2. They have not alleged facts specifying the missing disclosures or showing that those disclosures were material under TILA. Even assuming that Plaintiffs' allegation that "notices of Cancellation" were missing from the closing packet refers to a failure by Defendants to adequately disclose Plaintiffs' right to rescission under § 1635(a) of TILA, Plaintiffs have not pled facts showing that they have the ability to complete rescission by repaying the proceeds of the subject loan.[7]

In <u>Williams v. Homestake Mortgage Co.</u>, 968 F.2d 1137 (11th Cir. 1992), the Eleventh Circuit recognized that one goal of the rescission provisions of TILA is to "return the parties most nearly to the position they held prior to entering into the transaction." 968 F.2d at 1140. The Court held that a court may impose conditions

---

[7]Additionally, Plaintiffs allege, without providing further details, that the subject transaction was a "refinancing" of their residential property. Compl. at 2. Based on this allegation, the Court could conclude that the subject transaction is exempt from rescission under TILA. <u>See</u> 15 U.S.C. § 1635(e) (rescission provision does not apply to "a transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property . . . .).

10

on the rescission process to make it "equitable and just to the parties in view of all surrounding circumstances." Id. at 1142. As laid out by the Federal Reserve Board in 12 C.F.R. § 226.23(d), the third step in rescission is tender by the creditor of the money or property received in the rescinded transaction. Here, Plaintiffs have not alleged an intent or an ability to tender the money loaned to them by Defendant SunTrust. Thus, they have not alleged a plausible claim that they are entitled to, or able to complete, rescission under TILA.

Accordingly, the undersigned **RECOMMENDS** that Plaintiffs' claim for rescission of the loan under TILA be **DISMISSED**.

C.  Plaintiff's Claims under RESPA

Plaintiffs also assert that Defendant violated RESPA by failing to provide a "Special Information Booklet" and a "Controlled Business Arrangement (CBA") Disclosure." Compl. at 2. The Court finds that RESPA does not provide a private cause of action for Plaintiffs' allegations under RESPA and further, that Plaintiffs' allegations are barred by the statute of limitations and should be dismissed.

Plaintiffs argue that Defendant violated RESPA by failing to provide a "Special Information Booklet." Although Plaintiffs fail to cite the specific portion of the

11

statute allegedly violated, the provision of "Special Information Booklets" distributed to mortgage lenders is covered by 12 U.S.C. § 2604. RESPA, however, does not provide for any private cause of action for any violation of 12 U.S.C. § 2604. See Collins v. FMHA-USDA, 105 F.3d 1366, 1367-68 (11th Cir.1997) (no "implied private civil remedy" under 12 U.S.C. § 2604 because, among other reasons, other provisions of RESPA explicitly provided for private civil remedies but § 2604 did not, and stating "[t]hat . . . indicates Congress did not intend such a remedy for § 2604(c) violations.").

Plaintiffs further allege that Defendants violated RESPA by failing to provide a "Controlled Business Arrangement (CBA") Disclosure" pursuant to 12 U.S.C. § 2607(c)(4). Compl. at 2. Any claim brought under 12 U.S.C. § 2607 must be brought within one year from the date of the occurrence of the violation. 12 U.S.C. § 2614. Because the allegations of Plaintiff's Complaint establish that any alleged violation of RESPA occurred on or about February 1, 2008, and the Plaintiffs did not bring this action until February 3, 2010, the Plaintiffs' claim under RESPA is time barred.

Accordingly, the undersigned **RECOMMENDS** that all of Plaintiffs' claims brought under RESPA be **DISMISSED**.

### D. Plaintiff's Other Claims

Although it is not entirely clear from the Complaint, Plaintiffs may also be asserting claims against Defendant under "HOEPA" (the Home Ownership and Equity Protection Act), "the FTC Act," "the ECOA's Regulation B," and the "FCRA" (Fair Credit Reporting Act). Plaintiffs have failed to allege any facts supporting any claim for a violation of any of these statutes, and the Court cannot discern exactly how Plaintiffs are contending that Defendant violated these statutes.

Under Twombly, Plaintiffs' claims under these statutes must be dismissed. "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 555. Plaintiffs' mere citation of a list of statutes is not sufficient to meet this standard, without any allegation of facts that would plausibly establish the elements of these claims.

Accordingly, to the extent that Plaintiffs intended to assert any claims arising out of the violation of any statute other than TILA or RESPA, **IT IS RECOMMENDED** that these claims be **DISMISSED**.

13

## III. RECOMMENDATION

For all the above reasons,[8] **IT IS RECOMMENDED** that Defendant's Motion to Dismiss [3] be **GRANTED**, and that this action be dismissed in its entirety.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

IT IS SO RECOMMENDED this 1st day of July, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

---

[8] The Court additionally notes that despite receiving notice of the deficiencies of their Complaint by way of Defendants' Motion to Dismiss [3] filed on February 26, 2010, Plaintiffs did not seek leave to amend their Complaint to correct those deficiencies.

14